TIMOTHY L. LYONS (SBN 304816)
tim@timlyonslaw.com
**TIM LYONS LAW**
PO Box 241456
Los Angeles, CA 90024
(424) 265-8465 Fax (866) 842-5610
*Attorney for Plaintiff Brad M. Williams*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD M. WILLIAMS, <br><br>　　　Plaintiff, <br>　vs. <br><br>UNITED STATES OF AMERICA, <br><br>　　　Defendant. | ) CASE NO. 2:17-cv-1870 <br> ) <br> ) **COMPLAINT FOR:** <br> ) 1)　**PERSONAL INJURY UNDER** <br> )　　**FEDERAL TORTS CLAIMS** <br> )　　**ACT, 28 U.S.C. § 2671, et.** <br> )　　**seq.** <br> ) <br> ) |

　　　Plaintiff Brad M. Williams, by counsel, for his complaint alleges as follows:

## THE PARTIES

1.　Plaintiff Brad M. Williams is a resident of Los Angeles, California residing at 12632 Sunset Boulevard, Los Angeles, CA 90064.

2.　Defendant United States of America is liable for actions set forth in this Complaint pursuant to the Federal Torts Claims Act (28 U.S.C. § 2671, et. seq).

3.　The Federal Bureau of Investigation ("FBI") is an agency of Defendant United States of America whose principal office in the District is 11000 Wilshire Boulevard, Suite 1700, Los Angeles, CA 90024.

## JURISDICTION AND VENUE

4. The cause of action giving rise to this Complaint is personal injury governed by Federal Torts Claims Act, 28 U.S.C. § 2671, et. seq.

5. Plaintiff notified Defendant of the claims on August 12, 2016, using Defendant's claim form 95, attached hereto as Exhibit A. As evidence he produced his medical records, the police report, and human resources documents to support his claims.

6. To date, Defendant has not responded to the claim, which is therefore deemed denied as more than six months have elapsed since then.

7. This Court has jurisdiction pursuant to 28 U.S. Code § 1346(b)(1).

8. Venue is proper pursuant to 28 U.S. Code § 1391(b)(2) as the collision giving rise to this Complaint for personal injury occurred in the Central District of California.

## FACTUAL BACKGROUND

9. On October 25, 2015, Plaintiff was riding his bicycle as part of a charity bicycle ride.

10. The course of the ride brought the group of cyclists along Potrero Road in Thousand Oaks, California. Plaintiff was the lead cyclist at the time.

11. FBI Agent Thomas Leighton ("Agent Leighton") drove past the group of cyclists on Potrero Road at approximately 9:20 a.m. and then pulled onto the shoulder of the road.

12. Moments later, Agent Leighton executed an illegal U-Turn directly in front of Plaintiff.

13. Despite having just driven past the group of cyclists, Agent Leighton executed the U-Turn, disregarding the safety of others.

14. Plaintiff collided with Agent Leighton's Ford Explorer.

15. Due to Agent Leighton's unsafe driving there was no time to avoid the collision.
16. The broad side of Agent Leighton's Ford Explorer was blocking the path forward and Plaintiff could not avoid colliding with it.
17. Plaintiff's bike collided with Agent Leighton's driver's side door and mirror, and Plaintiff was thrown across the hood of Agent Leighton's Ford Explorer and onto the pavement.
18. As a result of the collision, Plaintiff suffered extensive injuries.
19. Plaintiff was placed on a body board, and transported via ambulance to the nearest trauma center due to the extent of his injuries.
20. Plaintiff was then taken to the Los Robles Medical Center where he was treated for a collapsed lung. He was diagnosed with a right tibial plateau fracture; a meniscus tear; Spinal injuries, including: L1 compression fracture, L4 and L5 transverse processes fractures on the right, edema present in L4 vertebral body, 2mm disc bulge in L5-S1, 2cm bone lytic lesion.
21. Plaintiff remained in intensive care unit for five days to stabilize his lung and spinal injuries. After he was stabilized at the Los Robles Medical Center, Plaintiff was released then underwent reconstructive surgery at Cedars Sinai Medical Center that involved installing plates, screws and cadaver bone to rebuild the knee and repair the meniscus tear and tibial fracture.
22. After surgery, Plaintiff underwent physical therapy and was out of work until January 4, 2016.
23. Plaintiff continues to suffer from pain and discomfort as a result of the accident and has still not achieved the level of fitness he had prior to the collision, and has ongoing problems with his knee including swelling, pain, and limited range of motion.

24. Agent Leighton informed the Police on the scene that he was on duty for Defendant at the time of the collision.

25. All of the actions described above by Agent Leighton were in the course of his official business for Defendant.

## FIRST CAUSE OF ACTION

**(Personal Injury pursuant to Federal Torts Claims Act, 28 U.S.C. § 2671, et. seq.)**

26. Paragraphs 1 through 22 are incorporated herein by reference.

27. Agent Leighton was acting in the scope of his duties with Defendant.

28. Defendant is liable for all acts and omissions of Agent Leighton.

29. At the aforesaid time and place, it was the duty of Agent Leighton to exercise reasonable care as follows: to operate his vehicle in a safe and prudent manner, with due regard for the safety of others; to keep a proper lookout for all traffic; to follow the direction of all traffic signs; to follow all driving rules and laws.

30. Notwithstanding the aforesaid duties, Agent Leighton breached these duties, and in particular breached these duties to Plaintiff, in that he failed to operate his vehicle in a safe and prudent manner, with due regard for the safety of others; he failed to keep a proper lookout for all traffic; he improperly performed a U-Turn.

31. As a result of Agent Leighton's breach of the aforesaid duties, Agent Leighton collided with Plaintiff with great force and violence, resulting in painful, permanent, and severe injuries to the Plaintiff, which are hereinafter set forth.

32. The collision was proximately caused by Agent Leighton.

33. As a result of Agent Leighton's negligence Plaintiff has been seriously and permanently injured; he has sustained past and future medical expenses, lost earnings, out-of-pocket expenses, physical pain,

1  suffering, great mental anguish, permanent physical scarring and
2  disfigurement; inconvenience; and he has sustained a loss in earning
3  capacity.
4  34.  Plaintiff complied with the requirements of the Federal Torts Claim
5  Act prior to filing this Complaint.  Plaintiff delivered Notice of his
6  Claim and supporting material to Defendant on August 12, 2016.
7  Defendant's failure to respond within six months is deemed a final
8  denial pursuant to 28 U.S.C. § 2675(a).

### PRAYER FOR RELIEF

For damages against Defendant in the amount of TWO MILLION TWO HUNDRED SIXTY TWO THOUSAND ONE HUNDRED FIFTY FIVE DOLLARS AND NINETY TWO CENTS ($2,262,155.92), and his costs expended in this action, and any other such relief as the Court deems just.

Respectfully submitted,

    /s/Timothy L Lyons_____

**TIM LYONS LAW**

Dated: March 8, 2017